1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTHONY BROOKS,

                                    Plaintiff,

v.

ELLIOTT SATTLER,

                                    Defendant.

3:19-cv-00672-GMN-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

Before the court is Plaintiff Anthony Brooks's ("Brooks"), application to proceed *in forma pauperis*[2] (ECF No. 6), and his amended *pro se* civil rights complaint[3] (ECF No. 4). For the reasons stated below, the court recommends that Brooks's *in forma pauperis* application (ECF No. 6) be granted, and that his amended complaint (ECF No. 4) be dismissed with prejudice.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is

---

[1]    This Report and Recommendation is made to the Honorable Gloria M. Navarro, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    Brooks also includes a separately filed financial affidavit at ECF No. 5.

[3]    The court finds the amended complaint (ECF No. 4) to be the operative complaint in this case.

1  unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

2  The application must be made on the form provided by the court and must include a financial

3  affidavit disclosing the applicant's income, assets, expenses, and liabilities."  LSR 1-1.

4      "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some

5  particularity, definiteness and certainty."  *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir.

6  1981) (quotation marks and citation omitted).  A litigant need not "be absolutely destitute to

7  enjoy the benefits of the statute."  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331,

8  339 (1948).

9      A review of the application to proceed IFP reveals Brooks cannot pay the filing fee;

10  therefore, the court recommends that the application (ECF No. 6) be granted.

11  **II.    SCREENING STANDARD**

12      Inmate civil rights complaints are governed by 28 U.S.C. § 1915A.  Section 1915A

13  provides, in relevant part, that "the court shall dismiss the case at any time if the court

14  determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim

15  upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is

16  immune from such relief."  28 U.S.C. § 1915A(b).  A complaint is frivolous when "it lacks an

17  arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  This

18  includes claims based on legal conclusions that are untenable (e.g., claims against

19  defendants who are immune from suit or claims of infringement of a legal interest which

20  clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

21  delusional scenarios).  *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th

22  Cir. 1991).  Dismissal for failure to state a claim under § 1915A incorporates the same

23  standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure

24  12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal

25  where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl.*

26  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

27      The complaint is construed in a light most favorable to the plaintiff.  *Chubb Custom*

1   *Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

2   accept as true all well-pled factual allegations, set aside legal conclusions, and verify that

3   the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

4   (2009). The complaint need not contain detailed factual allegations, but must offer more

5   than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief

6   above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing

7   the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not

8   represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal

9   construction may not be used to supply an essential element of the claim not initially pled.

10  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se*

11  plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless

12  it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103,

13  1107 (9th Cir. 1995).

14  **III.     SCREENING OF AMENDED COMPLAINT**

15      In his amended complaint, Brooks sues Defendant District Court Judge Elliott Sattler

16  under 42 U.S.C. § 1983. (*See* ECF No. 4.) The amended complaint alleges the following:

17  Defendant Sattler conspired with others to violate Brooks's civil rights to falsify court

18  documents, deny access to the court, block access to federal court, and prevent civil rights

19  complaints from being filed against himself and unnamed co-conspirators. (*Id.* at 3.) In

20  2015, Brooks had a criminal case pending in front of Defendant Sattler. (*Id.* at 4.) Brooks's

21  complaint relates to apparent errors in the "case record," including different case numbers

22  appearing on the docket. (*Id.*) Brooks alleges one such number on the docket led to a

23  website related to the Free Masons Organization. (*Id.*) Brooks next discusses allegations

24  related to a different case he filed in this court, 3:19-cv-00457-APG-CLB, which was

25  dismissed. (*Id.* at 5.) The remainder of Brooks's complaint relates to false information on

26  docket sheets and motions to dismiss counsel in his criminal case. (*Id.* at 6-7.) Finally,

27  Brooks asserts that these violations prove corruption by court officials thus making his guilty

1   plea "not constitutionally sound at the least and at the most illegal," and the only action this

2   court can take, aside from awarding $100,000,000 in monetary damages, is to vacate his

3   entire sentence. (*Id.* at 8, 11.)

4       42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority

5   to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d

6   1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)).

7   The statute "provides a federal cause of action against any person who, acting under color

8   of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290

9   (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the

10  Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

11  Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected

12  right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at

13  1067.

14      However, § 1983 is not a backdoor through which a federal court may overturn a

15  state court conviction or award relief related to the fact or duration of a sentence.  Section

16  1983 and "the federal habeas corpus statute . . . both provide access to the federal courts

17  'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different

18  in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting

19  *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)).  Federal courts must take care to prevent

20  prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas

21  corpus* proceedings under 28 U.S.C. § 2254.  *Heck*, 512 U.S. at 486-87; *Simpson v.

22  Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).  When a prisoner challenges the legality or

23  duration of his custody, raises a constitutional challenge which could entitle him to an earlier

24  release, or seeks damages for purported deficiencies in his state court criminal case, which

25  effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas

26  corpus*.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v.

27  McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*,

528 F.3d at 692-93.  Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

It is apparent that Brooks is challenging the constitutionality of his state court criminal conviction.  Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983.  As he has not done so, his sole relief is a *habeas corpus* action.

Additionally, the court notes that Defendant Elliott Sattler is absolutely immune from suit under § 1983.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

The court, therefore, recommends that the complaint be dismissed with prejudice, as amendment would be futile.  *See Cato*, 70 F.3d at 1107.

## IV.    CONCLUSION

For the reasons articulated above, the court recommends that Brooks's application to proceed *in forma pauperis* (ECF No. 6) be granted, and his amended complaint (ECF No. 4) be dismissed with prejudice.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

1  Court's judgment.

2  **V.     RECOMMENDATION**

3         **IT IS THEREFORE RECOMMENDED** that Brooks's application to proceed *in forma*

4  *pauperis* (ECF No. 6) be **GRANTED**; and

5         **IT IS FURTHER RECOMMENDED** that Brooks's amended complaint (ECF No. 4) be

6  **DISMISSED WITH PREJUDICE**.

7  **DATED:** 2/28/2020       .

8                                              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27